**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action |
| v. ) | No. 16-10068-PBS |
| ) | |
| PABLO MORETA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

April 28, 2020

Saris, D.J.

The motion to reduce Defendant's sentence (Docket No. 63) is **DISMISSED** without prejudice on two grounds. First, the Defendant has failed to administratively exhaust his claim or explain why this Court should waive the requirement based on exigent circumstances. See 18 U.S.C. § 3582(c)(1)(A) (explaining that a court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

Second, the Defendant has not identified "extraordinary and compelling reasons" warranting a reduction in sentence, as

1

required by 18 U.S.C. § 3582(c)(1)(A). That statute requires that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission." Id. The Sentencing Commission has defined four circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction. See U.S.S.G. § 1B1.13 n.1. These include:

> (1) If the defendant is suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;
>
> (2) If the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> (3) The death or incapacitation of the caregiver of the defendant's minor child or minor children, or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; or
>
> (4) Other reasons as determined by the Director of the Bureau of Prisons.

See id. Some courts have held that these factors provide guidance but are not "ultimately conclusive." See United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (quoting United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. Jul. 11, 2019)). Plaintiff has not explained why there are compelling reasons to reduce his sentence. While successful

completion of prison programs is praiseworthy, it does not on its own support a reduction of his sentence under this statutory provision.

The pro se motion (Docket No. 63) is **DISMISSED** without prejudice. The Defendant may refile his motion after complying with the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). Such a motion must articulate why "extraordinary and compelling reasons" exist meriting a reduction of sentence.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge